IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN DUNCAN, #180841, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:07-CV-634-MHT |
| | ) |
| JOHN CUMMINGS, | ) |
| | ) |
| Defendant. | ) |

**SPECIAL REPORT**

**COMES NOW**, the defendant, **John Cummings**, by and through Troy King, Attorney General for the State of Alabama, via undersigned counsel, and in accordance with this Honorable Court's Order dated July 12, 2007, hereby submits the following Special Report.

**PARTIES**

1. The plaintiff, John Duncan, AIS# 180841, (Mr. Duncan), is an Alabama Department of Corrections (ADOC) inmate, who is incarcerated in the Bullock County Correctional Facility (Bullock) in Union Springs, Alabama.

2. Mr. Duncan has named the following defendant: John Cummings (Warden Cummings), Warden III at Bullock.

**PLAINTIFF'S ALLEGATIONS AND DEMANDS**

Mr. Duncan alleges that on June 14, 2007, prison officials placed him in the Disciplinary Segregation Unit (DSU). He further contends that each day

from approximately 6:30 a.m. to 6:00 p.m., prison officials removed the mattress from his cell. He claims that this practice forces him and the other inmates in the DSU to sit or sleep on a concrete slab for ten to twelve hours each day. He also avers that there is no hot water in the cell, which forces inmates to wash their faces and brush their teeth with cold water. As relief, Mr. Duncan requests that prison officials discontinue the practice of removing each inmate's mattress and provide hot water (or at least warm water) to the DSU. Mr. Duncan also seeks monetary compensation for pain and suffering in the amount of $2,000 for every day prison officials removed the mattress from his cell.

Mr. Duncan alleges in his amended complaint that officials at Bullock have denied him his right of access to courts. Mr. Duncan seeks $25,000 in damages and asks the Court to direct Bullock to hire a legal advisor to the inmates.

## DEFENDANT'S EXHIBIT

1. Exhibit A- Affidavit of Warden Cummings.

## DEFENDANT'S RESPONSE

1. Warden Cummings, in his official capacity, is immune from suit under the theory of sovereign immunity.
2. Warden Cummings, in his individual capacity, is immune from suit under the theory of qualified immunity.
3. Warden Cummings denies violating Mr. Duncan's First, Eighth or Fourteenth Amendment rights.

4. Warden Cummings cannot be held liable in a §1983 auction based on respondeat superior.

5. Mr. Duncan fails to state a claim upon which relief may be granted.

6. Warden Cummings requests that this Honorable Court consider this report as a motion for summary judgment at such time when this Honorable Court sees fit.

## STATEMENT OF FACTS

For purposes of this Special Report only, Warden Cummings will treat the facts alleged by Mr. Duncan as true. However, Warden Cummings presents the following facts based on his sworn testimony.

On June 14, 2007, prison officials placed Mr. Duncan in the DSU. (Ex. A.) It is common practice at Bullock for prison officials to remove the mattress from each cell located in Disciplinary Segregation. Id. The inmate's blanket and sheet remain in each cell, which may be used when sitting or lying on the concrete bunk.

Prior to filing of this lawsuit, Warden Cummings had no knowledge of any problems with the hot water. Upon inquiry, prison officials discovered that the water took a long time to heat up; however, this problem has since been corrected.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Once the

movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-49 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to plaintiff's claims and the defendant is entitled to judgment as a matter of law.

## ARGUMENT OF FACT AND LAW

**I. Warden Cummings, in his official capacity, is immune from suit under the theory of sovereign immunity.**

Mr. Duncan's claims against Warden Cummings in his official capacity should be dismissed based on the theory of sovereign immunity. As the United States Supreme Court has stated:

> "There can be no doubt … that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit."

Alabama v. Pugh, 438 U.S. 781, 782 (1978). (citations omitted) Similar to respondents in Pugh, who did not contend that Alabama had consented to suit, the plaintiff in the present case fails to contend that the State of Alabama has consented to this suit. Furthermore, "it appears that no consent could be given under Art. I § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'" Id.

4

The State of Alabama has given neither consent nor waiver of immunity in this case; therefore, Mr. Duncan's claims must fail because Warden Cummings, in his official capacity, is immune from suit.

### II. Warden Cummings is immune from suit in his individual capacity under the theory of qualified immunity.

A corrections warden is protected from civil liability if his actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Hope v. Pelzer, 536 U.S. 730, 739 (2002). (The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson v. Blankenship, 163 F.3d 1284, 1295 (11th Cir. 1998)). Bullock prison officials use their discretion when enforcing mandated regulations which are necessary to preserve internal order and discipline among inmates housed in the DSU. The prison officials' actions do not violate any clearly established constitutional or statutory rights; therefore Warden Cummings is protected by qualified immunity. Pinkney v. Davis, 952 F. Supp. 1561, 1570 (M.D. Ala. 1997).

### A. Warden Cummings did not violate Mr. Duncan's Eighth Amendment rights because the punishment involved does not reach the level of cruel and unusual punishment.

Conditions of confinement which involve the wanton and unnecessary infliction of pain violate the Eighth Amendment's prohibition against cruel and

5

unusual punishment. <u>Hope</u>, 536 U.S. at 737. As the United States Supreme Court previously determined, only those conditions which deny inmates "the minimal civilized measure of life's necessities," rise to the level necessary to violate the Eighth Amendment. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). A prison official who knows that an inmate faces a substantial risk of serious harm and disregards such risk by failing to take reasonable measures to eliminate it may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health or safety. <u>Id</u>. at 835. However, a constitutional violation does not occur unless the plaintiff establishes that a prison official subjectively knows of a substantial risk of serious harm and fails to take reasonable measures to abate such risk. <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1028 (11th Cir. 2001).

In <u>Withrow v. Jones</u>, ___ So.2d ___, No. 2:03-CV-0122-T, 2005 WL 1270902, (M.D. Ala. May 27, 2005), (slip copy), the court held that removal of an inmate's mattress for twelve to thirteen hours each day did not constitute cruel and unusual punishment. The court stated: "Withrow has failed to establish that the conditions about which he complains denied him the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain." <u>Id</u>. at *6.

Like the plaintiff in <u>Withrow</u>, who failed to establish that removal of his mattress denied him the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain, Mr. Duncan fails to establish that removal of the mattress from his cell for ten to twelve hours

6

each day and the lack of hot water denied him the minimal civilized measure of life's necessities or subjected him to any wanton and unnecessary infliction of pain. Moreover, based on the allegations in Mr. Duncan's complaint, Bullock prison officials' were not deliberately indifferent, because the removal of a mattress for ten to twelve hours a day and the slowly warming hot water do not constitute "excessive risk[s] to inmate health or safety." Farmer, 511 U.S. at 837. Mr. Duncan alleges that by taking the mattress from his cell, prison officials force him to sit or sleep on a concrete slab; however, Mr. Duncan fails to mention that his blanket and sheet, which may be used as cushioning, remain in the cell all day.

Bullock prison officials acknowledge that they removed Mr. Duncan's mattress from his cell each day in order to comply with security operation procedures of the DSU. In an institution that houses violent criminals, such measures are necessary to ensure prison officials, as well as the other inmates', safety. The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to *maintain institutional security*.'" Wilson, 163 F.3d at 1295. (emphasis added). Warden Cummings' actions do not violate any clearly established constitutional or statutory rights, and Warden Cummings is protected by qualified immunity. Pinkney, 952 F. Supp. at 1570.

### III. **Mr. Duncan's complaint fails to state a claim upon which relief can be granted.**

Mr. Duncan's claim against Warden Cummings fails because the complaint alleges no threatened or actual injuries to Mr. Duncan. Mr. Duncan alleges no threatened or actual harm that resulted from prison officials removing the mattress from his cell each day or failing to provide hot water in his cell. Mr. Duncan's claim regarding the mattress removal amounts to discomfort at best and as the United States Supreme court stated: "the Constitution does not mandate comfortable prisons, and prisons which house persons convicted of serious crimes, cannot be free of discomfort." Id. at 832 (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).

Mr. Duncan's claim regarding the lack of hot water lacks merit as well. First, he failed to notify not only Warden Cummings or any other prison official of a problem with the hot water. Furthermore, when Warden Cummings first learned of the problem, prison officials investigated it and discovered that the hot water took longer than usual to heat up, not a complete lack of hot water as Mr. Duncan alleges.

Additionally,

> "Judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action."

Warth v. Seldin, 422 U.S. 490, 498-99. (citations omitted). Following Warth, Mr. Duncan lacks standing in bringing an action under 42 U.S.C. § 1983. Id.

Mr. Duncan alleges that the prison officials' actions violated the First Amendment, which protects speech and religion. However, Mr. Duncan's complaint fails to plead the necessary facts to establish violation of his First Amendment rights. Thus, Mr. Duncan lacks standing to sue under the First Amendment. Further, even if the daily removal of the mattress from his cell and lack of hot water denied him the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain, Mr. Duncan's claims still fail because he lacks standing and cannot invoke the jurisdiction of the federal court. Id. at 499. Since Mr. Duncan lacks standing to sue under the First, Eighth, and Fourteenth Amendments, his claims must be dismissed for failure to state a claim upon which relief can be granted.

**IV. Mr. Duncan's complaint fails to state a claim upon which relief can be granted.**

Mr. Duncan's claim that he is denied access to courts is without merit. Prisoners must do more than show interference with their access to a law library; they must also show actual harm to their civil rights suit. Aaron v. Thomas, ___ So.2d ___, No. 2:05-cv-911-WKW, 2007 WL 2480507 *1 (M.D. Ala.) (slip copy) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)). Mr. Duncan's amended complaint does not allege any specific facts that would show his civil rights suit was prejudiced by a denial of access to legal materials. Furthermore, Mr. Duncan admits that he has access to four (4) legal books, five

9

(5) sheets of paper, and two (2) envelopes per week for legal work. [Court Doc. No. 6.] Mr. Duncan's claim is without merit, and is due to be dismissed in favor of the defendant.

## **CONCLUSION**

Based on the foregoing, the defendant, **Warden Cummings**, respectfully requests that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the defendant.

                RESPECTFULLY SUBMITTED,

                TROY KING
                ATTORNEY GENERAL
                KIN047


                s/ *J. Matt Bledsoe*_____
                J. Matt Bledsoe (BLE 006)
                ASSISTANT ATTORNEY GENERAL


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 242-7443

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 7th day of February, 2008, electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, and that I have further served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Mr. John Duncan, #180841
Bullock County Correctional Facility
P.O. Box 5107
Union Springs, AL 36089


                                                  s/ *J. Matt Bledsoe*_____
                                                  OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN DUNCAN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-634 |
| JOHN CUMMINGS, | ) |
| Defendant. | ) |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared John Cummins, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is John Cummins, and I am presently employed as a Correctional Warden III, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

It has been common practice at Bullock County Correctional Facility to remove the mattress from inmates housed in Disciplinary Segregation status. The inmate's blanket and sheet remain in the cell, and the inmates are allowed to sit or lay on the concrete bunk.

Prior to this lawsuit, I had not received any complaints regarding a lack of hot water in the Segregation Unit. A problem did exist which caused an exceptionally long wait for the delivery of hot water. This problem has since been corrected.



EXHIBIT
A

Page 2

_____
John Cummins II

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the 30th day of July, 2007.

_____
NOTARY PUBLIC

My Commission Expires: 2/24/2009.

SEAL